D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

Perry Reich,

    Defendant.
-----------------------------------------------------------X

MEMORANDUM & ORDER

04-CR-587 (NGG)

NICHOLAS G. GARAUFIS, District Judge.

Perry Reich ("Defendant" or "Reich"), by letter dated September 5, 2007, has petitioned the court to relieve him from civil disabilities pursuant to New York law in order that he may "obtain public employment and licensing, such as a municipal sewer worker." (Docket Entry #112.) Defendant's request is denied.

Section 702 of the New York Correction Law, McKinney's Consol. Laws, c. 43, grants power to issue a certificate of relief from civil disabilities to "any court of this state" and, in certain instances, to the New York State Board of Parole[1]. Under the clear law of this Circuit, federal courts may not relieve civil disabilities under Section 702. United States v. Da Grossa, 446 F.2d 902, 902-03 (2d Cir. 1971) ("New York cannot direct a federal criminal court to afford a remedy not provided by federal law"); accord United States v. Fierman, 99-CR-1086, 2002 WL 31640575, at *1 (S.D.N.Y. Nov. 20, 2002) ("application . . . is properly made, not to this court,

---

[1] A certificate of relief from civil disabilities may be granted to relieve an eligible offender of any forfeiture or disability that is automatically imposed by reason of a felony conviction. The certificate may be limited to one or more enumerated forfeitures or disabilities. N.Y. Correct. L. § 701(1). If a certificate of relief is obtained, the conviction is then not deemed to be a conviction within the meaning of any provision of law that imposes a disability to apply for or receive any license or permit. N.Y. Correct. L. § 701(2).

but to the New York State authorities"). Under New York State law, it is the New York State Parole Board that is the appropriate decision-making body in cases involving a felony incarceratory sentence, such as the instant case. In re Helmsley, 575 N.Y.S.2d 1009, 1012 (N.Y. Sup. Ct. 1991).

I find that this court lacks jurisdiction to grant the requested relief and, for that reason, Defendant's petition for relief from civil disabilities is denied.

SO ORDERED.

Dated: September 27, 2007
Brooklyn, N.Y.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge